**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Kurt Michael Wagner, | : |
| Plaintiff, | : **CASE NO.: _____** |
| | : |
| vs. | : |
| | : **COMPLAINT** |
| General Motors LLC, | : |
| Defendant. | : |

For this Complaint, the Plaintiff Kurt Michael Wagner, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action by the purchaser of a 2022 Cadillac Escalade vehicle (hereafter the "subject vehicle") manufactured and sold by the Defendant General Motors LLC. Plaintiff seeks damages related to his vehicle's defective engine and Defendant's failure to honor the terms of its warranty.

2.      The Plaintiff would not have purchased the subject vehicle had he been made aware of the subject vehicle's defects.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.      This Court also has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00

in damages, exclusive of interest and costs, and under the doctrine of supplemental

jurisdiction as set forth in 28 U.S.C. § 1367.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as

Defendant is subject to personal jurisdiction in this District and where Defendant, as principal,

directs and controls warranty repairs on covered vehicles through its agents consisting of a

dealership network located in this District.

6.      Further, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2)

in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this

District.

## PARTIES

7.      Plaintiff Kurt Michael Wagner was, at all relevant times, an adult individual

who resides in Des Moines, Washington, and who purchased the subject vehicle in Grand

Forks, North Dakota, which was manufactured or sold by Defendant. Plaintiff is a citizen of

Washington.

8.      Defendant General Motors LLC ("GM") is organized under the laws of

Delaware with its principal place of business located at 1240 Woodward Avenue, Detroit,

Michigan 48226.  At all relevant times, GM was engaged in the business of importing,

assembling, marketing, distributing, and warranting GM automobiles in the State of Michigan

and throughout the United States. Defendant GM is a Delaware limited liability company. Its

sole member is General Motors Company, a Delaware corporation with its principal place of

business in Michigan. Upon information and belief, complete diversity exists between the

parties.

2

## FACTUAL ALLEGATIONS

9.      On February 23, 2022, Plaintiff purchased a 2022 Cadillac Escalade, Vehicle Identification Number 1GYS4KKL6NR195423 (hereafter the "Vehicle") from Rydell Auto Center, Inc., an authorized GM dealership, in Grand Forks, North Dakota.

10.      The purchase price of the Vehicle was $96,755.00, excluding options, fees, taxes, and other charges.

11.      Prior to purchasing the Vehicle, Plaintiff relied upon Defendant's representations regarding Defendant's New Vehicle Limited Warranty that accompanied the sale of the Vehicle, including the representation that Defendant would repair the Vehicle; these representations were material to Plaintiff's decision to purchase the Vehicle.

12.      Specifically, under its New Vehicle Limited Warranty, Defendant promised to repair or replace components found to be defective in material or workmanship during the 3-year / 36,000-mile following such vehicle delivery to consumer.  Additionally, Defendant promised to repair or replace the powertrain components, including the Vehicle's engine, found to be defective in material or workmanship during the 5-year / 60,000-mile following such vehicle delivery to consumer.

13.      On February 23, 2022, and following the execution of the Vehicle purchase documents, Plaintiff took delivery of the Vehicle.

14.      Since the time of Vehicle delivery to the present, the Vehicle has been out of service at least thirty (30) days due to a catastrophic engine failure and other defects.

15.      On September 13, 2022, Plaintiff took the Vehicle to Burien Chevrolet in Burien, Washington, Defendant's authorized dealership (hereinafter "Burien Chevrolet"), because Plaintiff smelled a strong gas odor while driving.

3

16.     At the time the Vehicle's odometer read 4,904 miles.

17.     Burien Chevrolet attempted warranty repair by removing intake manifold and installing new seal on injector, replacing high pressure lines and intake manifold gaskets.

18.     During this visit, the Vehicle was out of service for two (2) days, and ready for pick up on September 14, 2022.

19.     On August 8, 2024, Plaintiff took the Vehicle to Brotherton Cadillac in Renton, Washington, Defendant's authorized dealership (hereinafter "Brotherton Cadillac"), because the Vehicle's engine suddenly started making a loud ticking noise at idle.

20.     At the time the Vehicle's odometer read 22,048 miles.

21.     Brotherton Cadillac found the number two rod baring had spun and damaged the crankshaft, and attempted a repair by replacing the Vehicle's engine, and further replacing oil cooler lines and radiator that were contaminated by metal debris, and evacuated and re-charged AC system.

22.     During this visit, the Vehicle was out of service for twenty-one (21) days, and ready for pick up on August 28, 2024.

23.     On December 24, 2024, Plaintiff returned the Vehicle to Brotherton and complained the windshield washer was inoperative.

24.     At the time the Vehicle's odometer read 24,104 miles.

25.     Brotherton Cadillac verified the complaint and performed a repair by replacing the washer pump.

26.     During this visit, the Vehicle was out of service for eight (8) days, and ready for pick up on December 31, 2024.

27.     In total, the Vehicle has been out of service at least thirty days (30) days due to the catastrophic engine failure and other defects.

28.     By U.S. First Class Mail sent on August 19, 2025, Plaintiff notified Defendant of the above mentioned nonconformities with the Vehicle and Defendant's failure to conform the Vehicle to the terms of Defendant's express warranty.  Within same letter, Plaintiff revoked his acceptance of the Vehicle.

29.     The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

30.     Plaintiff provided the Defendant, or one or more of its authorized or franchised dealers, with reasonable opportunity to repair the problems with the Vehicle.

31.     The Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

### FIRST CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss**
**Warranty Act, 15 U.S.C. §2301, *et seq.***

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

34.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

35.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

36.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

37.     15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

38.     Defendant has failed to remedy the subject vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the subject vehicle.

39.     As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.* and N.D.C.C. § 41-02-31**

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     Defendant is a merchant with respect to motor vehicles.

42.     The Vehicle was subject to implied warranty of merchantability, as defined in N.D.C.C. § 41-02-31 running from the Defendant to the Plaintiff.

43.     An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

44.     Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

45.     Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered it.

46.     As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

### THIRD CAUSE OF ACTION
### Breach of Express Warranty, N.D.C.C. § 41-02-31

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the engine and its components.

49.     Plaintiff relied on Defendant's warranty when he agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

50.     Plaintiff submitted his vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to repair the dangerous engine defect and other defects under the vehicle's warranty as described herein within a reasonable period of time.

51.     Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

52.     As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

53.     The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

54.     The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had he known, prior to the time of purchase or lease, that the subject vehicle contained a defective engine.

55.     As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages.  Such damages include, but are not limited to, the loss of the use and enjoyment of his vehicle, and a diminution in the value of the subject vehicle containing the defects identified herein.

**FOURTH CAUSE OF ACTION**
**Revocation of Acceptance, N.D.C.C. § 41-02-69**

56.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

58.     After providing Defendant a reasonable time to cure, it has become apparent that said defects cannot be seasonably cured.

59.     The defects substantially impair the value of the Vehicle to the Plaintiff.

60.     By a letter dated August 19, 2025, the Plaintiff notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

61.     Defendant has nevertheless failed to make a good-faith response to this demand.

62.     As a result of Defendant's conduct the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### Consumer Fraud Act, N.D.C.C. § 51-15-02

63.     The Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

64.     North Dakota's Consumer Fraud Act prohibits a use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise. N.D.C.C. § 51-15-02.

65.      In the course of Defendant's business, Defendant willfully failed to disclose and actively concealed that the subject vehicles, including the Plaintiff's Vehicle, equipped with the 6.2L V8 engine are defective.  The existence of the defect, which manifests in all or substantially all of the vehicles equipped with the 6.2L V8 engine, is material to a reasonable consumer in that it poses an unreasonable risk to their safety, may lead to thousands of dollars in repair expenses, requires expensive and inconvenient maintenance efforts, and causes the subject vehicles to be worth substantially less than they would otherwise be valued. Defendant's failure to disclose these defects and their ramifications offends public policy and is unethical, unscrupulous, and substantially injurious to consumers.

66.     Accordingly, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that subject vehicle has characteristics, uses, benefits, and qualities which it does not have and otherwise engaging in conduct likely to deceive.

67.     Defendant's actions set forth above occurred in the conduct of trade or commerce.

68.     Because Defendant's deception takes place in the context of automobile safety, its deception affects the public interest.  Further, Defendant's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

69.     Defendant's conduct proximately caused injuries to Plaintiff.

70.     Plaintiff was injured as a result of Defendant's conduct in that Plaintiff overpaid for the subject vehicle and did not receive the benefit of the bargain, and the subject vehicle has suffered a diminution in value.  These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a.  An order approving revocation of acceptance of the subject vehicle;

b.  Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c.  Incidental and consequential damages;

d.  Punitive damages;

e.  Reasonable attorney's fees;

f.  Such other and further relief as this Court deems just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 20, 2026

Respectfully submitted,

By:     /s/ Sergei Lemberg
        Sergei Lemberg, Esq.

LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*